UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

NELIDA PEREZ,

    Plaintiff,

v.

APEO, LLC d/b/a ASPEN DENTAL,
a Foreign Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, NELIDA PEREZ ("Ms. Perez" or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, APEO, LLC ("APEO" or "Defendant"), a foreign limited liability company, and alleges as follows:

1. Plaintiff brings this action for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), and for violation of Florida's Private Whistleblower Act, Section 448.102, Florida Statutes ("FWA"). Plaintiff is seeking damages including back pay, an equal amount as liquidated damages, front pay, emotional distress damages, reinstatement, equitable relief, front pay, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court also has supplemental jurisdiction over Plaintiff's FWA claim, as it arises out of the same operative facts and circumstances as her FMLA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Defendant is a foreign limited liability company that is located and does business in Seminole County, Florida, and is therefore within the jurisdiction of this Court.

6. At all times relevant hereto, Defendant was an employer covered by the FWA, because it was a firm, partnership, institution, corporation, or association that employed 10 or more persons.

7. Plaintiff worked for Defendant in Seminole County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) had a parent, her mother, who suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

10. Plaintiff worked for Defendant as an Assistant Office Manager from April 1, 2017, until her termination on December 9, 2019.

11. In or about August of 2019, Ms. Perez became aware that APEO's Office Manager, Margie Lee, was perpetrating serious insurance fraud that involved billing for patient visits that never happened, and creating phony follow-up appointments in APEO's scheduling records to make it seem that patients came for the "second" part of a two-day procedure when the procedure had actually been performed in one visit.

12. In early September of 2019, Ms. Perez confronted Ms. Lee about APEO's fraudulent actions.

13. Ms. Lee, who is related to APEO's Dr. Pimentel Santiago, simply shrugged off Ms. Perez's concerns.

14. On or about October 24, 2019, Ms. Perez applied for a period of unpaid intermittent or continuous leave pursuant to the FMLA, to commence on October 31, 2019, in order to care for her mother's serious health condition.

15. During November of 2019, Ms. Perez became increasingly aware of shocking dental malpractice being committed by a provider employed by APEO, Dr. Hernandez.

16. This practitioner routinely extracted the wrong teeth from patients, put fillings in the wrong teeth of patients, and botched crowns too.

17. Dr. Hernandez was also becoming increasingly hostile and abusive towards both Ms. Perez and the staff.

18. On December 6, 2019, Ms. Perez therefore contacted APEO's ethics hotline.

19. At that time, Ms. Perez objected to APEO that its actions constituted unlawful interference and retaliation under the FMLA and also violated, *inter alia*, Fla. Stat. § 817.234, *et seq.*, Fla. Stat. § 772.11, *et seq.*, Fla. Stat. § 501.201, *et seq.*, and Fla. Stat. § 766.101, *et seq.*

20. Ms. Perez's objections constituted protected activity under the FWA and the FMLA.

21. On December 9, 2019, which was the very next business day, Ms. Lee informed Ms. Perez that APEO had decided to terminate Ms. Perez's employment, effective immediately.

22. APEO never offered any cogent explanation for its termination of Ms. Perez's employment, instead concocting a baseless and untrue pretextual tale that patients and staff had lodged complaints about Ms. Perez.

23. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Perez notifying APEO of her mother's serious health condition, and in retaliation for Ms. Perez's need to utilize unpaid leave pursuant to the FMLA in order to treat and address same, and in retaliation for her objections to Defendant's violations of law.

24. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

25. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation, and retaliation for Plaintiff's objections to Defendant's violations of law.

26. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

27. The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

28. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

29. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

30. The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, and her firing, is sufficiently close to create the necessary nexus between the events.

31. The persons to whom Plaintiff voiced her objections to Defendant's violations of law were decision-makers in terms of retaliating against Plaintiff by terminating her employment.

32. As a result of Defendant's unlawful and retaliatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

33. Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Ms. Perez as a whistleblower under the law.

34. In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) (s)he objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) (s)he suffered an adverse employment action; and (3) the adverse employment action was causally linked to her or his objection or refusal).

35. Plaintiff was terminated in direct retaliation for reporting and objecting to Defendant's unlawful actions, or what she reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes. *See Aery,* 118 So. 3d at 916.

36. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

37. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

38. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7 through 10, 14, 17 through 19, 21 through 28, and 36 through 38, above, as if fully set forth in this Count.

40. At all times relevant hereto, Plaintiff was protected by the FMLA.

41. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

42. At all times relevant hereto, Defendant interfered with Plaintiff by becoming hostile and abusive towards Plaintiff subsequent to Plaintiff's utilization or attempted utilization of what should have been protected FMLA leave, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

43. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

44. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7 through 10, 14, 17 through 19, 21 through 28, and 36 through 38, above, as if fully set forth in this Count.

46. At all times relevant hereto, Plaintiff was protected by the FMLA.

47. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

48. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for disclosing her mother's serious health condition, for applying or attempting to apply for FMLA leave, and for utilizing or attempting to utilize what should have been FMLA-protected leave.

49. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

50. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

51. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT - UNLAWFUL RETALIATION

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 10 through 13, 15 through 25, and 29 through 38, above, as if fully set forth in this Count.

53. On December 9, 2019, Defendant illegally terminated Plaintiff from her employment in violation of Section 448.102(3), Florida Statutes.

54. Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what she reasonably believed to be illegal activity, being conducted by Defendant, or for refusing to participate in same.

55. Plaintiff objected to a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, or regulation, or refused to participate in same, and was terminated as a direct result of same, which constitutes a violation of the FWA.

56. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional

distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 27th day of January, 2021.

                Respectfully Submitted,

                */s/ Noah E. Storch*
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                RICHARD CELLER LEGAL, P.A.
                10368 W. SR. 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-mail: **noah@floridaovertimelawyer.com**

                *Attorneys for Plaintiff*